

# SUPREME COURT OF VIRGINIA

PATRICIA L. HARRINGTON, CLERK

SUPREME COURT BUILDING

100 NORTH 9TH STREET, 5TH FLOOR

RICHMOND, VIRGINIA 23219

(804) 786-2251 V/TDD

FAX: (804) 786-6249

DOUGLAS B. ROBELEN
CHIEF DEPUTY CLERK

CERTIFICATE

I, Lesley K. David, Deputy Clerk of the Supreme Court of Virginia, do hereby certify that attached hereto are true copies of the pleadings filed in and orders entered by this Court in the case of <u>Benjamin Lucciola, No. 232439 v. Director of the Department of Corrections</u>, Record No. 070461.

Given under my hand and seal of said Court this 25th day of May, 2007.

_____
Deputy Clerk, Supreme Court of Virginia

RESPONDENT'S EXHIBIT
1

VIRGINIA:

IN THE <u>SUPREME</u> COURT OF <u>VIRGINIA</u>



<u>Benjamin Lucciola   232439</u>
Full Name and prison number (if any) of Petitioner

v.

<u>Department of Corrections,</u>

<u>Commonwealth of Virginia</u>
Name and Title of Respondent

Case No _____
(To be supplied by the Clerk of the Court)

## PETITION FOR WRIT OF HABEAS CORPUS

### Instructions — Read Carefully

In order for this petition to receive consideration by the Court, it must be legibly handwritten or typewritten, signed by the petitioner and verified before a notary or other officer authorized to administer oaths. It must set forth in concise form the answers to each applicable question. If necessary, petitioner may finish his answer to a particular question on an additional page. Petitioner must make it clear to which question any such continued answer refers. The petitioner may also submit exhibits.

Since every petition for habeas corpus must be sworn to under oath, any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury under § 18.2-434. Petitioners should, therefore, exercise care to assure that all answers are true and correct.

When the petition is completed, the original and two copies (total of three) should be mailed to the clerk of the court. The petitioner shall keep one copy.

### NOTICE

The granting of a writ of habeas corpus does not entitle the petitioner to dismissal of the charges for conviction of which he is being detained, but may gain him no more than a new trial.

Place of detention: <u>Augusta Correctional Center, Craigsville, Virginia 24430</u>

### A. Criminal Trial

1. Name and location of court which imposed the sentence from which you seek relief: <u>Augusta County Circuit Court, E. Johnson Street, Staunton, VA 24401</u>

Case 7:07-cv-00200-JCT-mfu   Document 3-1   Filed 05/29/07   Page 2 of 20   Pageid#: 20

2. The offense or offenses for which sentence was imposed (include indictment number or numbers if known):

   a. Sexual Battery, Misdemeanor VA Code 18.2-67.4

   b. Obscene Photos, Felony 6 VA Code 18.2-374.1

   c. _____

3. The date upon which sentence was imposed and terms of the sentence:

   a. February 28, 1983; 6 years of probation

   b. December 7, 1995; 6 years prison ; Probation was revoked from the alleged 1983 conviction.

   c. May 15, 2006 ; Parole was revoked and all back time was imposed.

4. Check which plea you made and whether trial by jury:
   Psychologically coerced
   Plea of guilty: xxx___ ;    Plea of not guilty: _____ ;

   Trial by jury: _____ ;    Trial by judge without jury: xxx_____ .

5. The name and address of each attorney, if any, who represented you at your criminal trial:

   Victor Santose, 12 New Street, Staunton, VA 24402 (paid attorney)

   Roland S. Carlton, Jr.(Court Appointed). Other motions & petitions filed Pro Se.

6. Did you appeal the conviction? NO, AT THAT TIME, YES, after discovering that many of my constitutional rights were violated, e.g. Due process, 4th Amendment, etc.

7. If you answered "yes" to 6, state:

   the result and the date in your appeal or petition for certiorari:
   a. All of my petitions to the court were arbitrarily denied by Judge Wood, who also refused to allow me to file in forma pauperis, and refused to give me copies of my
   b. court cases. EXHIBITS A, 1,2,3.

   citations of the appellate court opinions or orders:

   a. ___???_____

   b. _____

8. List the name and address of each attorney, if any, who represented you on appeal:

   Pro se

2.

B. Habeas Corpus

9. Before this petition did you file with respect to this conviction any other petition for habeas corpus in either a State or federal court?

    Yes  XXX         No _____

10. If you answered "yes" to 9, list with respect to each petition:

    the name and location of the court in which each was filed:

    a. Western District of Virginia, P.O. Box 1234, Roanoke, VA 24006
    b. Supreme Court of Virginia, 100 North Ninth St., Richmond, VA 23219  ** NOTE
    c. Augusta County Circuit Court, P.O. Box 689, Staunton, VA 24401    EXH. I

    the disposition and the date:

    a. Denied without prejudice - Did not exhaust state remedies. July 2006.
    b. Petition returned; filed in the wrong court, August 2006.
    c. Petition denied and dismissed. January 7, 2007

    the name and address of each attorney, if any, who represented you on your habeas corpus:

    a.  Pro Se
    b.  Pro Se
    c.  Pro Se

11. Did you appeal from the disposition of your habeas corpus petition?

    Yes _____        No  XXX

12. If you answered "yes" to 11, state:

    the result and the date of each petition:

    a.  N/A
    b.  _____

    citations of court opinions or orders on your habeas corpus petition:

    a.  N/A
    b.  _____

    the name and address of each attorney, if any, who represented you on appeal of your habeas corpus:

    a.  N/A
    b.  _____

    **NOTE  The original copy of the order was sent to Larry Huffman at the Regional office for review several months ago. Each time (4) a letter was sent to him to return the order to me, were ignored.

3.

C. Other Petitions, Motions or Applications

13. List all other petitions, motions or applications filed with any court following a final order of conviction and not set out in A or B. Include the nature of the motion, the name and location of the court, the result, the date, and citations to opinions or orders. Give the name and address of each attorney, if any, who represented you.

   a. Motions and Petitions to the Augusta County Circuit Court, The Supreme Court of Virginia were filed during the time that I was incarcerated in the Coffee-

   b. wood Prison from February 1996 until September 1998. All of the petitions in which I claimed violations of Due Process rights,(??) were all denied. I had

   c. requested my files from the Court in Augusta County and was told I could not have them unless I paid, by Judge Wood. Letters from Judge Wood are Attached. EXH. A-1 2, 3

   d. Most recent petition filed in Augusta County Circuit Court filed on October 17, 2006, Claiming Illegal Apprehension and Incarderation was denied and dismissed on January 7, 2007

D. Present Petition

14. State the grounds which make your detention unlawful, including the facts on which you intend to reply:

   a. ILLEGAL APPREHENSION: Petitioner disputes the Commonwealth's remark in Number 3 on his Motion to Dismiss. EXH, B 1-2 "It does matter how one is or was returned to the Commonwealth." Title 18 USCA § Chapter 209, Extradition § 3193 Sec. 1...The Secretary of State is hereby designated and empoweded to issue and sign all warrants appointing agents to receive in behalf of the United States, the delivery in extradition by a foreign government of any person accused of a crime committed within the United States and to convey such person to the place of his trial. Petitioner asserts that he was never shown a signed warrant by the Secretary of State or any other document by the agents who illegally apprehended him in Cambodia and in Thailand. Petitioner was forcebly thrown in a car and and then driven to a detention center in Bangkok, Thailand on Feb. 24, 2006 where... see attached

   b. ILLEGAL INCARCERATION: page 4a.
   Petitioner would call the court's attenention to Number 5 on Motion to Dismiss,
   On November 10, 1998 when petitioner was released on Mandatory Parole, that date was 4 months and 22 days over his maximum sentence of 6 years which was imposed on him by Judge Wood. Petitioner was in the custody of the Virginia Authorities from June 1995. If one were to add on the 6 years of prison time it would terminate on June 2001, not NOvember 10, 2001 as it was reported to be. Petitioner also asserts that he was never made aware of the fact that hehad 6 months and one day of parole time when he was released on November 10, 1998. U.S. V. GOOD, 25 F 3d 218, (4th Cir 1994): U.S. V. THORNE, 153 F3d 130 (4th Cir. 1998)... see attached...GROUND TWO page 4 b.

- 4 -

4.

c. **Erroneous Information** contained in the Virginia Department of
Corrections Summary Audit.

Petitoner disputes the erroneous information contained in Ms. Smith's Summary ~~Audit..Number 7 of attachedment; Petitioner's total time of his~~ EXH. D 6 year sentence should have terminated on July 2001, not November 2001. Her Summary Audit also states in Number 8..that Petitioner was in the Pennsylvania system from 6/19/95 until 8/29/95; this is not correct. From July 1995 ~~until Jan. 18, 1996 Petitioner was confined in the Augusta~~ County Jail. He was there from early July 1995 until Jan. 1996. **see attached.**

d. **Interstate Agreement on Detainers Violation**            **page 4b.**

The Commonwealth never issued a detainer to hold the Petitioner while he was in the prison in Pennsylvania. However, the Commonwealth claimed that a detainer was issued; if so petitioner was never made aware of one being placed on him in violation of the IAD Article 111 (c), Article 1V (a), Article V (e). **cuyler v. Adams**, U.S. Pa 1981, 101 S Ct. 703, 449, US 433, 66 L Ed 2d 641. Petitioner asserts that the day he was to be released from the Waymart Prison in Pennsylvania he was told that the Commonwealth of Virginia had placed a detainer on him, but petitioner was never shown one. Petitioner was then placed..**see attached page 4c.**

15. List each ground set forth in 14, which has been presented in any other proceeding:

    a. Illegal Apprehension

    b. Illegal Incarceration

    c. Violation of Interstate Agreement on Detainers Act

    d. Ineffective Assistance of Council

    List the proceedings in which each ground was raised:

    a. Augusta County Circuit Court; With the Virginia Department of Corrections.

    b. Augusta County Circuit Court; With the Virginia Department of Corrections.

    c. ?? Not sure which other court but recently in the Augusta County Circuit Court

    d. ?? Again not sure which court because it was long ago.

16. If any ground set forth in 14 has not been presented to a court, list each ground and the reason why it was not:

    a. Failure of the VDOC to grant time owed to petitioner & to correct false entries.

    Petitioner was not aware until recently that the above errors were evident.

    b. Arbitrary Denial of Parole; Misclassification / Discrimination

    Petitioner, again was not aware of the violations.

- 5 -

c. Failure of Biased and prejudiced judge to recuse himself.

   This was and is a recent occurance.

d. Harassment by prison officials, refusing to give petitioner his mail.

   This violation has also been recently happening.

_____ 232437
Signature of Petitioner

Augusta Correction Center C-1-16
Craigsville, Virginia 24430
Address of Petitioner

STATE OF VIRGINIA:

CITY/COUNTY OF Augusta :

The petitioner being first duly sworn says:
1. He signed the foregoing petition;
2. The facts stated in the petition are true to the best of his information and belief.

_____
Signature of Petitioner

Subscribed and sworn to before me
this 23 day of January, 20 07.

_____
Notary Public

My commission expires: 04-30-09

   The petition will not be filed without payment of court costs unless the petitioner is entitled to proceed in forma pauperis and has executed the affidavit in forma pauperis.

   The petitioner who proceeds in forma pauperis shall be furnished, without cost, certified copies of the arrest warrants, indictment and order of his conviction at his criminal trial in order to comply with the instructions of the petition.

- 6 -

```
INMATE TRUST SYSTEM                                    RUN DATE: 01/18/2007
INMATE STATEMENT                                           PAGE:    1

INST: 150  AUGUSTA CORRECTIONAL CENTER
FOR PERIOD: JAN, 2007

INMATE NAME:  LUCCIOLA, BENJAMIN A           INMATE NUMBER: 232439
LOCATION:     C1 016

BEGINNING PERIOD BALANCES:

PAYABLES:      SPEND      HOLD     RESERVE   COMMISSARY   UNCLAIMED
               (511)      (512)     (513)      (514)        (515)
               66.87      4.30      0.00       0.00         0.00

RECEIVABLES:   LOANS            MEDCO LOANS
               (211)              (212)
               0.00               0.00


TRANSACTIONS THIS MONTH:

     BATCHID              TRANSACTION DESCRIPTION    TC-REF     AMOUNT
     150-010507-CO-BJD    COMM#1 PURCHASE-SPEN       73-511      21.03 -
     150-010507-FC-BJD    COPIES                     85-511       2.80 -
     150-011607-CO-PAL    COMM#1 PURCHASE-SPEN       73-511      23.06 -

ENDING PERIOD BALANCES:
PAYABLES:      SPEND      HOLD     RESERVE   COMMISSARY   UNCLAIMED
               (511)      (512)     (513)      (514)        (515)
               19.98      4.30      0.00       0.00         0.00

RECEIVABLES:   LOANS            MEDCO LOANS
               (211)              (212)
               0.00               0.00

Ow
```

Subscribed and sworn To before me

This 23 day of January 2007

Augusta Corr, Va

T A Spangler
Notary Public

Benjamin Lucciola
Signature of Petitioner

04-30-09
My Commission expires

7a.

8.

Case 7:07-cv-00200-JCT-mfu   Document 3-1   Filed 05/29/07   Page 8 of 20   Pageid#: 26

## AFFIDAVIT IN FORMA PAUPERIS

STATE OF VIRGINIA:

CITY/COUNTY OF  Augusta                :

The petitioner being duly sworn, says:

    1. He is unable to pay the costs of this action or give security therefor;

    2. His assets amount to a total of $ 19.98 .

                        *Benjamin Lucurto* (signature)
                          Signature of Petitioner

Subscribed and sworn to before me

this 28 day of January , 20 07 .

                          *T.A. Spangler* (signature)
                          Notary Public

                          My commission expires: 04-30-09

7.

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on this the __7th__ day of __February__ in the year 20__07__,

I mailed a true copy of the foregoing __Petition For Writ of Habeas Corpus__

by first-class mail, postage prepaid, to __The Supreme Court of Virginia__
100 North Ninth Street
Richmond, Virginia 23219

_Benjamin Lucciola_
Benjamin Lucciola 232439

a. GROUND ONE: Continued.   Illegal Apprehension

he was held before being illegally flown to Richmond, Virginia on March 6, 2006. Petitioner asserts that Cambodia is a country without an Extradiction Treaty with the United States and the alleged crime for which he was brought back to the United States is not an extraditable offense. Title 18 USCA § 3192.

Petitioner asserts that the dismissal, it seems with a 'wave of the hand' by the commonwealth's attorney is not a subject of this proceeding is absurd. Had petitioner not been illegally apprehended by foreign agents working for the FBI out of Cambodia and Thailand in violation of the 4th. Amendment rights to protection from illegal searches and seizures and the violation of his due process rights this proceeding would not be taking place. Roberson v. Overseas Military Sales Corp., 827 F Supp 915, 21 F 3d 502; U.S. v. Sobell, SDNY 1956, 142 F Supp 512. NOTE: Due Process has to do with denial of fundamental fairness, shocking to universal sense of justice; it deals neither with power nor with jurisdiction, but with their exercise. Kinsell v. United States (1960) 361 US 234, 4 Led 2d. 268, 80 S Ct 297. Touchstone of due process is protection of individual against arbitrary action of government. Wolff v. McDonnell (1974) US 539, 41 L Ed 2d 935, 94 S Ct 2963, 71 Ohio Ops 2d 336. Liberty under law is not confined to mere freedom from bodily restraint; it extends to full range of conduct which individual is free to pursue, and it cannot be restricted except for proper governmental objectives, Bolling v Sharpe (1954) 347 US 479, 98 L Ed 884, 74 S Ct 693, 53 Ohio Ops 331. Even though governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when end can be more narrowly achieved; breadth of legislative abridgment must be reviewed in light of less drastic means for achieving same purpose, Shelton v Tucker (1960) 364 US 479, 5 L Ed 231, 81 S Ct 247; Aptheker v Secretary of State (1964) 378 US 500, 12 L Ed 2d 992, 84 S Ct 1659. Due process requires that there be opportunity to present every available defense, but it need not be before entry of judgment. George Moore Ice Cream Co. V Rose (1933) 289 US 373, 77 L Ed 1265, 53 S Ct 620, 3 USTC 1100, 12 AFTR 958. Money damages are available to victims of official acts that violate 5th Amendment due process clause, Jayvee Brand Inc. v. Unitied States (1983) 2322 US App DC 150, 721 F2d 385.

Petitioner points out under Title 18 USCA § 3192...one could only be charged and tried for an extraditalbe offense and only for that offense for which he was extradited..

Petitioner asserts that he was taken back to the Commonwealth on one charge, (not really sure of what it was) only to have that charged dismissed by the judge in a court in Richmond, VA on March 6, 2006 and then charged as a parole violator. US v. Rauscher, U.S.N.Y. 1886, 7 S Ct. 234, 119 U.S. 407, 30 L Ed. 425, See also Exparte Coy, D.C. 1887, 32 F 911; People v Gray 1884, 5 P 1240 66 Cal 271.

b. GROUND TWO continued    Illegal Incarceration

.....failure to inform the defendant of this additional mandatory term is plain error and the error is not harmless as it affects the substantial rights of the defendant. Due process has to do with denial of fundamental fairness, shocking to universal sense of justice; it deals neither with power nor with jurisdiction, but with their exercise. **Kinsella v. U.S.**, (1960) 361 US 234, 4 L Ed 2d. 268, 80 S Ct 297. Touchstone of due process is protection of individual against arbitrary action of government. **Wolff v. McDonnell** (1974) US 539, 41 L Ed 2d. 935, 94 S Ct 2963, 71 Ohio Ops 2d 336. Liberty under law is not confined to mere freedom from bodily restraint; it extends to full range of conduct which individual is free to pursue, and it cannot be restricted except for proper governmental objectives, **Bolling v Sharpe** (1954) 347 US 479, 98 L Ed 884, 74 S Ct 693. 53 Ohio Ops 331. Even though governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when end can be more narrowly achieved; breadth of legislative abridgement must be reviewed in light of less drastic means for achieving same purpose..**Shelton v Tucker** (1960) 364 US 479, 5 L Ed 2d 231, 81 S Ct 247; **Aptheker v Secretary of state** (1964) 378 US 500, 12 L Ed 2d 992, 84 S Ct 1659. Due process requires that there be opportunity to present every available defense, but it need not be before entry of judgment. **George Moore Ice Cream Co. v. Rose** (1933) 289 US 373, 77 L Ed 1265, 53 S Ct 620, 3 USTC 1100, 12 AFTR 958. Money damages are available to victims of official acts that violate 5th Amendment due process clause. **Jayvee Brand Inc. V. U.S.** (1983) 2322 US APP DC 150, 721 F2d 385.

c. GROUND THREE continued    Erroneous Information

Petitioner was released from the Waymart Prison in Pennsylvania sometime in late June 1995 and then held in the Wayne County Jail in Honesdale, Pennsylvania until early July. He was then illegally taken back to the court in Staunton, Virginia sometime in early July 1995 on an allegely filed detainer by the Commonwealth of Virginia.
Petitioner asserts that on Number 8 of Motion to Dismiss and Number 13 of Ms. Smith's Summary Audit..Petitioner was not transferred from a facility in Florida in 1983 to Pennsylvania. At that time petitioner was working in the Middle East; and his passport offense with the Federal People did not happen until August 2, 1992. **EX.G** Also in error is the fact that there is or was a facility in Homestead, Florida in 1992/93, and I was there from Aug. 2, 1992 until June 1993. My Federal # was 45286-004.

d. GROUND FOUR continued      Interstate Agreement on Detainers Act violation

in the Wayne County Jail in Honesdale, Pennsylvania and held there for 8 days. The agents from the Staunton (police) came to the court in Honesdale and requested custody of petitioner. This was in early July 1995. In the court in Augusta County Petitioner's court appointed attorney, Roland S. Carlton Jr. discovered that the Commonwealth failed to ever file any papers to hold petitioner and the District Attorney admitted he never filed one, claiming 'an oversight'. Petitioner's attorney filed a motion to quash the capias and a motion to dismiss. Both motions were overruled by Judge Wood. **EX E** Judge Wood then revoked petitioner's six (6) years probation and imposed the entire 6 years to be spent in prison. Title 18 USCA § 3565 (a) (perhaps, this statute has no bearing on petitioner's case, but it should be mentioned.) "...when a period of probation or supervised release is revoked, the defendant will be given a maximum one third of the original sentence that was imposed by the trial court...." going on to say that a period of incarceration is much harsher than probation and the circumstances causing the violation should be taken into consideration..."

**ADDITIONAL GROUNDS:**

e. **Ground five; Misclassification, discrimination and erroneous information concerning the alleged offense.**

Petitioner questions the error in his classification as a Level 2 in the VDOC system which allows an inmate to earn 20 good days of time for every 30 days served. (Under the old law) Using the point system as they do in the system the lower the score the lower the Level. Petitioner's score as calculated by the VDOC is a minus number, thus the level should have been a Level 1. The alleged offense, a misdemeanor and low felony 6, non-violent also calls for a low level. Discrimination because as they say the 'nature of the offense.' This is a prison and the nature of any offense on a Level 1 should not depart from the set standard. Petitioner also asserts that information kept on him by the Commonwealth and on the Internet are in error, libelous and insulting. He demands that the information be corrected or removed. They surely are in violation of his Constitutional Rights... Petitioner's alleged offense is of sexual battery VA Code 18.2-67.4 a misdemeanor and obscene photos of child(ren) VA Code 18.2-374.1 a felony 6. Neither was ever proven in a court of law. NOTE: Non-intentional touching of so-called private parts of a body is not an assault. A child sleeping naked or with his genitals exposed is not pornography in any sense of the word. A child's body is not obscene. "Obsenity or evil one sees is in the eye of the beholder." Petitioner also points out that sex-offenders or alleged sex-offenders are seriously discriminated against in courts, prisons, the work place and communities making it almost impossible to find employment and are required to register with the police while more violent real criminals are not.

4c.

f. Ground six;  Ineffective assistance of council.

Petitioner asserts that his innocent alleged offenses to which he was "psychologically coerced" into pleading guilty to were a result of a most 'ineffect assistance of counsel'. He it seemed knew nothing of the 4th. Amendment or law in general. The picture of a boy sleeping with his genitals exposed was never proven to be obscene nor was it ever proven that petitioner ever had the pictures in his possession or in fact ever saw the pictures. Where did the pictures come from? How did the police get the pictures and how did they get the alleged pictures? Petitioner questions, why would an attorney 'psychologically coerce' his client into pleading guilty to something that was in question, especially after the Magistrate Judge dismissed the one original charge against petitioner. Had, the petitioner at that time had a better attorney he is sure the case would have been dismissed in a court of law. Petitioner also questions attorney's knowledge of the Virginia Offense Codes. VA Code 18.2-380..States..'anyone convicted of any offense under VA Code 18.2-374 as a first time offender be classified as a misdemeanor offender.' Petitioner also avers that while he was in the Coffeewood Facility during the time, 1996-1998 he had filed numerous motions and petitions to the court claiming the above, revoking his signature on the plea agreement and the fact that a detainer was never placed on him before the Virginia authorities illegally apprehended him from the Wayne County Jail.

g. Ground seven;  Failure of the VDOC to correct false entries on record, grant him time taken from him while in the Coffeewood Facility.

Petitioner asserts that in Ms. Smith's Affidavit and Summary Audit Enclosure B 2nd Page EXH-D the 7/15/98 entry is a false entry. There was never a threat of bodily harm to anyone. The counselor in question was falsifying the records of some inmates. The Counselor, name ?? became extremely angry with petitioner when he was questioned by petitioner to give him an exact date as to his release, which should have been in February 1998 or latest June 1998. He caused petitioner to be placed in isolation because petitioner questioned his record keeping. It should be noted very carefully here, while petitioner was in isolation agents from the FBI escorted the counselor from the Coffeewood Facility and confiscated all of his records. (Is this on record somewhere?) The counselors records it seems were never corrected because petitioner was not released when he should have been, but was later released in November 10, 1998, four (4) months and 22 days later than his actual release date on mandatory parole. Petitioner would also call the court's attention to the 9/23/98 entry on Ms. Smith's Summary Audit. There was never any use of vulgar language. First of all petitioner should have been released from the prison long before this happened. The woman in question who worked in the commissary and was very

4d.

g. Ground Seven, continued

negative towards all of the inmates made an error on my order at the commissary window. I had tried to point out her error causing her to become very loud and indignent. She then called a guard and told the guard that I had sworn at her. She lied and the prison officials would not listen to the several inmates who witnessed her out-burst. She had caused the petitioner to be placed in isolation for 20 days and caused him to lose 20 days of his good time. That time should be restored.

h. **Ground eight: Arbitrarily denial of parole**

Petitioner asserts that after his illegal apprehension from Cambodia and Thailand the members of the parole board had a hearing on April 19, 2006 to decide whether to deny, continue, or just release petitioner. The members of the parole board were saying that petitioner had violated a condition of his parole, #11 Leaving the jurisdiction without permission. They said that I had 'absconded'. According to Black's Law Dictionary, 'abscond' means to leave to evade or escape the law... Petitioner did not leave the area to escape the law. He left to return home to S.E. Asia to care for his gravely ill son. Petitioner explained to the members of the parole board that he had family in S.E. Asia and that twice before he had sent his older sister to visit them to make sure that they were well, had a place to live and had money and food. When petitioner was released in November 10, 1998 he had received a telephone call from his family that his son very sick. Petitioner then received a second telephone call from his former wife that his son was now gravely ill and to please come home. Petitioner left on December 7, 1998 to care for his son whom he had then placed in a hospital in Indonesia and then in Singapore. He did not 'abscond' he went on a humanitarian mission. Petitioner asserts that if the prison counselor had not falsified his records and had he been released earlier than November 10, 1998 he would have gone to his family and his son would never had gotten sick. **EXH. F, 1 & 2**

i. **Ground nine: Failure of Judge to recuse himself from my case.**

Petitioner avers that on September 15, 2006 he had filed a motion in the Augusta County Circuit Court asking that Judge Wood recuse himself from any involvement in any more of his court proceedings. Petitioner's claim was that Judge Wood was biased and prejudiced towards petitioner. Canon Sec. 111 Judicial Conduct, Canon 2, Canon 3. C. Disqualification (a) **Davis V. Com.** 21 VA App 587 466 S.E. 2d 741, 1996. Judge Wood revoked petitioner's probation in 1995 and imposed the excessive sentence on him. Judge Wood also over-ruled petitioner's motions to dismiss and quash the capias concerning the detainer not filed by the district Attorney. Judge Wood also would not allow petitioner to proceed in forma pauperis when he tried to petition the court on his last petition. **EXH G** . Letters from Judge Wood are attached. **EXH A, 1, 2**

j Ground ten: Harassment by prison officials who refused to give him his mail which contained evidence for his case.

Petitioner asserts that both the British and American Embassies in Thailand were asked to send petitioner copies of his passport to his home in New Jersey. The passport was to be copied by his brother and forwarded to petitioner at the Augusta Correctional Center for use in his case. It was to be used to prove that he was illegally removed from both Thailand and Cambodia. Each time the mail came to the mailroom the officials there returned the mail to my brother stating it was 'personal information' which petitioner could not have according to their rules. Many requests were filed with the prison officials, but to no avail. **EX. H-1 to H-12**

k. Ground eleven: Not given credit by the Commonwealth for extra confinement in the Federal System on an alleged detainer.

Petitioner was incarcerated on a passport offense from August 2, 1992 until June 23, 1993; a total of 10 months and 21 days. Of that total time 5 months and 10 days was for the passport offense. On August 23, 1992 Hurricane Andrew destroyed the facility which was in Homestead, Florida. Petitioner was than transferred to several other federal facilities around the country. When the Homestead facility was reopened sometime in January 1993 petitioner was sent back there and then pled guilty to the charge. He was given a six month sentence (85% of that would be 5 months and 10 days) The extra time of 5 months and 11 days was owed to me by the Commonwealth of Virginia because their alleged offense from 1982 had allegedly happened before the 1987 offense in Pennsylvania. The Virginia officials failed to extradite petitioner when he was released by the Federal people in June 1993. The authorities from Pennsylvania had extradited petitioner, however, during his stay in the Federal Facilities he was never notified of detainers being placed on him by either the Pennsylvania or Virginia authorities in violation of the Interstate Agreement on Detainers Act, Article 111 (a ), (c) (d). Petitioner was transported from Miami, Florida to the court in Pike County, Pennsylvania and then sentenced to 11½ months to 2 years for an alleged offense there. He was not given credit for the extra time that he had been held by the Federal Authorities. Petitioner had completed the 2 year sentence in Pennsylvania in June 1995. On the day of his release he was told that the Virginia people had a detainer to hold him. Again, petitioner was never made aware of the detainer being placed on him in violation of the IADA. After he was taken back to the court in Staunton, Virginia his probation was revoked and he was given the 6 years sentence to serve, but still not given credit for the extra time held by the Federal people in Florida. Petitioner's argument is since the Commonwealth did not extradite him from Florida in 1993 they by law had no legal right at all when it was proven that no detainer was ever filed to hold him.EXH.

15.    5b.



# County of Augusta
## COMMONWEALTH OF VIRGINIA

Deputy Clerks:

Gina R. Coffey
Karen K. Fridley
Judy S. Welcher
Jean W. Doyle
Sarah A. E. Benson
Angela P. Berry
Vickie T. Arnold

P.O. Box 689
STAUNTON, VIRGINIA 24402-0689
PHONE: 540-245-5321
FAX: 540-245-5318

John B. Davis
CLERK OF CIRCUIT COURT

Carol M. Brydge
CHIEF DEPUTY CLERK

September 7, 2006

Benjamin Lucciola 232439
Augusta Correctional Center C-1-16
1821 Estaline Valley Road
Craigsville, VA 24430

RE: Request for Motion to Leave To Proceed in Forma Pauperis

Mr. Lucciola:

Pursuant to the above request, Judge Wood has determined that your affidavit does not comply with Prisoner Litigation Reform Act. Therefore, for you to proceed, you will need to submit $79.00 for filing and $12.00 for each service needed on this case.

I am returning all paperwork to you.

Sincerely,

Judy S. Welcher
Judy S. Welcher
Deputy Clerk

/jsw
Enclosures

Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430
September 19, 2006

County of Augusta
Commonwealth of Virginia          RE: Returned Motion
P. O. Box 689
Staunton, Virginia 24402

Ms. Welcher,

    I am resubmitting my papers along with the motion to proceed in 'forma pauperis'. According to 28 USCA Sec. 1915 - Proceeding in Forma Pauperis, (4) "In no event shall a prisoner be prohibited..."

    The money which may be in my account is contributed by family members on occasions so that I can purchase the items that I need which are not provided for by the prison. Such as soap, shampoo, toothpaste, some medications, warm clothing, etc.

    I also understand the rest of the 28 USCA Sec. 1915; and if prison officials see fit to deduct whatever amount (20%) of what is in my account to pay for some court costs I am sure that they will do so when requested to by the courts. Thus far all of my petitions and motions to other courts have gone through in forma pauperis.

    Thank you.

                          Sincerely,

                           Benjamin Lucciola 232439

Ex A-1a

17.

# TWENTY-FIFTH JUDICIAL CIRCUIT
## OF VIRGINIA

**THOMAS H. WOOD**
AUGUSTA COUNTY COURTHOUSE
P.O. BOX 689
STAUNTON, VIRGINIA 24402-0689
(540) 245-5321



TELEPHONE: (540) 245-5323
FAX NUMBER: (540) 245-5296

**COUNTIES**
ALLEGHANY, AUGUSTA, BATH,
BOTETOURT, CRAIG, HIGHLAND, ROCKBRIDGE

**CITIES**
BUENA VISTA, CLIFTON FORGE, COVINGTON,
LEXINGTON, STAUNTON AND WAYNESBORO

September 22, 2006

Benjamin Lucciola, #232439
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

Dear Mr. Lucciola:

You will find enclosed the documents you recently sent to the Court for the second time.

Based upon my reading and understanding of the documents you filed with the Court pertaining to your financial status, you are not indigent. You could afford to pay the filing fee and service fee, you simply don't want to.

Since your complaint seeks, among other things, money damages, and since you are not indigent, you will have to pay the filing fee for your civil suit.

Sincerely yours,

Thomas H. Wood

THW/tkm
Enclosures

Ex. A 2

# TWENTY-FIFTH JUDICIAL CIRCUIT OF VIRGINIA

**THOMAS H. WOOD**
AUGUSTA COUNTY COURTHOUSE
P.O. BOX 689
STAUNTON, VIRGINIA 24402-0689
(540) 245-5323



TELEPHONE: (540) 245-5323
FAX NUMBER: (540) 245-5296

COUNTIES
ALLEGHANY, AUGUSTA, BATH,
BOTETOURT, CRAIG, HIGHLAND, ROCKBRIDGE

CITIES
BUENA VISTA, CLIFTON FORGE, COVINGTON,
LEXINGTON, STAUNTON AND WAYNESBORO

September 28, 2006

Benjamin Lucciola, #232439
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, VA 24430

Dear Mr. Lucciola:

You will find enclosed copies of two Indictments, a Conviction Order, a Sentencing Order and the Order revoking your suspended sentence and your probation. You are not entitled to anything else unless you pay for it, and nothing further will be sent to you.

Sincerely yours,

Thomas H. Wood

Thomas H. Wood

THW/tkm
Enclosures

19.

Ex. A 3