CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN LUCCIOLA, #232439 )<br>    Petitioner, ) | Civil Action No. 7:07cv00200 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN DANIEL A. BRAXTON, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior U.S. District Judge |

Petitioner Benjamin Lucciola, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Lucciola challenges an allegedly forcible and illegal extradition, the calculation of his release date, denial of discretionary parole, and a collection of actions by prison officials which Lucciola classifies as "due process violations." This action is presently before the court on respondent's motion to dismiss, to which Lucciola has responded, making the matter ripe for the court's consideration. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On February 28, 1983, Lucciola was convicted in the Circuit Court of Augusta County of sexual battery and taking obscene photographs of children, and was subsequently sentenced to a total term of imprisonment of six years, with all six years suspended. On December 7, 1995, the Circuit Court of Augusta County found Lucciola in violation of his probation, and revoked the suspended six-year sentence. On November 10, 1998, Lucciola was released on mandatory parole with six months and one day left to serve on his sentence.

At some point thereafter, Lucciola left the United States and maintained a home in Southeast Asia, allegedly to care for a sick child. Early in 2006, Lucciola alleges that he was forcibly abducted in the town of Poi Pet on the Thailand-Cambodia border by Thai agents working for the Federal

Bureau of Investigation. Lucciola states that he was held in Bangkok for ten days and then, without an extradition hearing, was flown to Richmond, Virginia to answer criminal charges. On March 6, 2006, Lucciola was returned to the Virginia Department of Corrections ("VDOC") for violation of his parole. On May 15, 2006, after a full hearing, the Virginia Parole Board ("VPB") revoked Lucciola's parole and all previously earned good time credits, and he was returned to incarceration in the VDOC.[1]

Upon his return to incarceration, Lucciola was assigned to Good Conduct Allowance ("GCA") class level II, earning 20 days of good time for every 30 days served. At that time, his projected good time release date was calculated to be August 25, 2007. On March 4, 2007, Lucciola was reviewed and he was subsequently reassigned to GCA class level I, earning 30 days of good time for every 30 days served. At this time, Lucciola's unsatisfied sentence was recalculated and his projected good time release date was moved up to July 23, 2007.

On October 17, 2006, Lucciola filed a petition for writ of habeas corpus in the Circuit Court of Augusta County, raising the following claims:

(1) He was illegally apprehended by the FBI in Cambodia and extradited to the United States without a hearing;

(2) The Virginia Parole Board arbitrarily revoked his parole;

(3) His sentence was improperly calculated, and he served four months more than the maximum sentence;

(4) He was denied credit for time served in custody both awaiting trial in 1982 and awaiting his revocation hearing in 1995;

(5) Virginia authorities put false information about him on the internet;

---

[1] Lucciola had two years, one month, and four days of previously earned good time credits revoked. He also was ordered to serve the six months and one day that remained on his sentence at the time of his mandatory parole.

(6)  His crimes were wrongly classified as felonies when they should have been classified as misdemeanors.

The court held that the VDOC had correctly calculated Lucciola's sentence, had appropriately credited him with all time served in local jails, and found that Lucciola's claims against the FBI did not state a claim for habeas corpus relief, and dismissed the petition on January 7, 2007.

Lucciola next filed a habeas petition in the Supreme Court of Virginia on February 7, 2007, bringing the same claims as in the circuit court, but also raising the following additional grounds:

(1)  The VDOC's most current Summary Audit of Lucciola's incarceration contained false information;

(2)  He was wrongly transported to Virginia from Pennsylvania in July, 1995, without proper documentation in violation of the Interstate Agreement on Detainers;

(3)  Trial counsel was ineffective in "psychologically coercing" Lucciola into pleading guilty;

(4)  The judge in the Circuit Court of Augusta County improperly failed to recuse himself in Lucciola's state habeas proceedings; and

(5)  Lucciola was subjected to harassment by prison officials when the officials refused to turn over mail to him containing "evidence for his case."

The court held that the new grounds which were not raised in the Circuit Court of Augusta County were barred by Virginia Code § 8.01-654(B)(2). As to the claims which had been raised in the circuit court, the Supreme Court of Virginia found the petition untimely, and dismissed it on May 7, 2007.[2]

---

[2] Virginia Code § 8.01-652(B)(2) states, in pertinent part,
  Such [habeas] petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

3

On April 18, 2007, Lucciola filed the instant petition, raising the following six grounds:[3]

(1) He was illegally apprehended and incarcerated in a foreign country which has no extradition treaty with the United States, taken to a country with such a treaty, and extradited back to the United States without a hearing;

(2) His offenses were incorrectly classified by the Court as felonies, when they should have been classified as misdemeanors;

(3) Prison officials violated his Fourteenth Amendment due process rights in wrongly finding Lucciola guilty of two disciplinary offenses while incarcerated in 1998;

(4) Court officials placed incorrect and libelous information about Lucciola on the internet (the court posted on the internet that Lucciola was wanted for "sexual assault" and "child pornography" when, in fact, he was merely wanted for violating his parole);

(5) His projected good time release date was improperly calculated as July 23, 2007, when it should have been calculated as May 31, 2007; and

(6) The Virginia Parole Board arbitrarily revoked his parole, denied him discretionary parole, improperly revoked previously earned good time credits, and committed "misclassification" and "discrimination."

Respondent moved to dismiss the petition on May 29, 2007, arguing that claims (1) and (4) are not cognizable claims on federal habeas corpus review; that claims (2) and (3) are barred by the statute of limitations; and that claims (5) and (6) were adjudicated on the merits by a state court, and, therefore, that the decision of the state court is entitled to deference. Lucciola responded on June 7, 2007, and the petition is now ripe for review. The court will include additional facts in its discussion as necessary.

---

[3] Lucciola stated in his petition that he has a civil rights case related to these six allegations currently pending in the United States District Court for the Eastern District of Virginia. As such, this court ordered on April 27, 2007, that none of Lucciola's claims would be construed as claims under 28 U.S.C. § 1983.

4

## ANALYSIS

### CLAIMS (1) AND (4)

Claims (1) and (4) are not cognizable claims on federal habeas review. As to claim (1), the Fourth Circuit has held that a complaint alleging the arrest and transportation of a fugitive without extradition proceedings creates a cause of action pursuant to 42 U.S.C. § 1983. Wirth v. Surles, 562 F.2d 319, 323 (4th Cir. 1977) (finding actionable § 1983 claim against South Carolina for arresting plaintiff in Georgia and transporting him to South Carolina without extradition proceedings). The court in Wirth emphasized, however, that "failure to comply with state or federal extradition laws does not constitute a defense to a criminal prosecution." 562 F.2d at 323. Therefore, even if Lucciola succeeded in proving his extradition claims, such a finding would have no effect on the state criminal judgments under which he was confined.

In claim (4), Lucciola alleges that "the court and legal people" placed "incorrect and libelous information" about Lucciola on the internet. Lucciola fails to allege that "the court and legal people" breached any state libel law, and, even assuming arguendo that they did, claims arising from state law are generally not cognizable under § 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Just as with Lucciola's extradition claims, even if he could prove a state libel claim, such a finding would not have any effect on the state criminal judgments under which he was confined. Accordingly, claims (1) and (4) are not cognizable in federal habeas corpus review and, therefore, must be dismissed.

### CLAIMS (2) AND (3)

Claims (2) and (3) are barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2254 petitions are subject to a one-year statute of

limitations. See 28 U.S.C. § 2244(d)(1); Brown v. Angelone, 150 F.3d 370, 371-72 (4th Cir. 1998). For convictions that became final before the AEDPA's effective date of April 24, 1996, the limitations period began on that day. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown, 150 F.3d at 375. The period therefore expired on April 24, 1997, absent any grounds for statutory or equitable tolling. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

In claim (2), Lucciola contends that he was "psychologically coerced" into pleading guilty to the original charges of sexual battery and taking obscene photographs of children, and that the court erred in classifying his offenses as felonies and not misdemeanors. He also claims that he improperly received a maximum sentence for a first offense. Lucciola was convicted of these charges on February 28, 1983, and he pursued no direct appeal within the 30 day time limit. As such, his convictions became final upon the expiration of time for seeking review on March 30, 1983, well before the AEDPA's effective date. See 28 U.S.C. § 2244(d)(1)(A). Lucciola's statutory limitations period, therefore, expired on April 24, 1997.

In claim (3), Lucciola alleges that he was wrongly convicted of two institutional offenses while incarcerated in the Coffeewood correctional facility–the first in July, 1998, and then the second in September, 1998. Under § 2244(d)(1)(D), the statutory limitations period in which to bring a federal habeas petition under § 2254 begins running on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. As the factual predicate for claim (3) became known to Lucciola no later than September, 1998, he had until September, 1999, to bring a petition under § 2254.

Lucciola did not meet either the April 24, 1997, or September, 1999, deadlines; in fact, he

6

did not file his state habeas petition until October 17, 2006.[4] Accordingly, Lucciola's claims are barred unless he demonstrates grounds for equitable tolling of the statute of limitations.[5] Lucciola makes no contentions that equitable tolling is applicable or proper. As such, the court finds that he has not made the requisite demonstration that equitable tolling should apply to his claims.

CLAIMS (5) AND (6)

Upon review of the record, it seems that Lucciola was released from state custody as planned on his projected good time release date, July 23, 2007.[6] Generally, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

In claim (5), Lucciola contends that his good time release date was improperly calculated as July 23, 2007, instead of May 31, 2007. As Lucciola seems to have been released from state custody on July 23, 2007, his need for the requested relief has been eliminated, and the claim must be dismissed as moot.

In claim (6), Lucciola alleges that the VPB arbitrarily revoked his parole, denied him

---

[4] The statutory clock on both of Lucciola's claims had already run by the time he filed his state habeas petition; therefore, the state petition afforded him no tolling under § 2244(d)(2).

[5] Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

[6] A warrant for Lucciola's arrest, under the alias of Benjamino Angelo Guarino, on a charge of felony passpoart fraud was executed in the United States District Court for the Southern District of Florida on July 23, 2007. It appears from the record as though Lucciola was released to a detainer and is now in federal custody in Florida.

7

discretionary parole, improperly revoked previously earned good time credits, and committed "misclassification" and "discrimination." When a petitioner seeks to challenge the revocation of his parole, the case is rendered moot by the expiration of the term of incarceration imposed upon revocation. See Spencer v. Kemna, 523 U.S. 1, 13-16 (1998). In the instant case, Lucciola's term of incarceration imposed by the revocation of his parole ended when he was released from state custody on July 23, 2007. As for the balance of Lucciola's allegations contained in claim (6), as he seems to have been released on July 23, 2007, his need for the requested relief has been eliminated, and the claim must be dismissed as moot.

Moreover, even assuming arguendo that Lucciola's release to federal detainer on July 23, 2007, did not constitute the expiration of his sentence, and that there remains time yet to be served in custody of the VDOC, the decision made by the Circuit Court of Augusta County as to claims (5) and (6) is entitled to deference. A court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). The court finds that the decision made by the Circuit Court of Augusta County that the VDOC correctly and appropriately calculated and implemented Lucciola's sentence is not contrary to clearly established federal law, nor is it based on an unreasonable determination of the facts. Accordingly, Lucciola's claims must be dismissed.

8

Case 7:07-cv-00200-JCT-mfu   Document 8   Filed 08/16/07   Page 8 of 9   Pageid#: 200

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

**ENTER**: This 14th day of August, 2007.

/s/ James C. Turk
Senior U.S. District Judge

9